NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
NOV 15 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

LAWRENCE B. EBERT, REBECCA A.
VARES-EBERT,

        Plaintiffs,

v.

TOWNSHIP OF HAMILTON, MAYOR
KELLY A. YAEDE (in her official and
individual capacity), JOHN DOE (I), and
JOHN DOE (II),

        Defendants.

Civ. No. 15-7331

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the Motion to Appeal Magistrate Judge Tonianne J. Bongiovanni's Order Denying Plaintiffs' Letter Motion to Compel More Complete Discovery Responses, brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert (collectively "Plaintiffs"). (ECF No. 18). Defendants Township of Hamilton and Mayor Kelly A. Yaede oppose the motion (collectively "Defendants"). (ECF No. 19). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

Lawrence B. Ebert ("Plaintiff Ebert") and Rebecca A. Vares-Ebert ("Plaintiff Vares-Ebert") filed a complaint against the Township of Hamilton ("Defendant Hamilton"), Mayor Kelly A. Yaede ("Defendant Yaede"), John Doe (I), and John Doe (II) on October 7, 2015. (ECF No. 1). Plaintiffs' complaint alleges violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985,

1

together with state claims associated with N.J.S.A. 10:6-1. (*Id.*). Generally, Plaintiffs allege that on June 28, 2014, Defendants, or their agents, entered Plaintiffs' private property to remove Plaintiffs' personal property following a notice of violation from Hamilton Township. (*Id.* at ¶¶ 15, 17, 21, 24). Plaintiffs further allege that Defendants, or their agents, improperly seized this personal property in violation of the Fourth Amendment and Fourteenth Amendments of the United States Constitution. (*Id.* at ¶ 15).

Magistrate Judge Bongiovanni previously entered a Scheduling Order and has held multiple conferences with the parties regarding discovery issues. (*See* ECF Nos. 11, 13, 15). Plaintiffs have propounded 21 interrogatories and 86 requests for admission on Defendants as part of the discovery process in this case. On August 5, 2016, Plaintiffs sent a document to the Court titled, "Advisory Notice to the Court of Certain Discovery Issues." (ECF No. 18-2 at 1). On August 17, 2016, Plaintiffs sent to the Court a document titled "Comments as to Defendant Hamilton Township's letter to the Court Dated August 16 and Emailed to Plaintiff Ebert on August 17." (*Id.* at 76). These documents included complaints of incomplete discovery responses by Defendants. Judge Bongiovanni construed these submissions as a letter motion to compel more complete discovery responses. On October 3, 2016, Judge Bongiovanni entered a Letter Order Denying Plaintiffs' Letter Motion to Compel More Complete Responses. (the "October 3rd Order", ECF No. 17). On October 13, 2016, Plaintiffs filed an appeal of Magistrate Judge Bongiovanni's October 3rd Letter Order. (ECF No. 18). This appeal is presently before the Court.

## LEGAL STANDARD

In considering an appeal of a nondispositive order by a magistrate judge, a reviewing court will modify or vacate an order only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L. Civ. R. 72.1(c). The burden of showing that a ruling is "clearly

erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble,* 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's finding is clearly erroneous when, after considering the entirety of the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J. 1990). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998).

This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson,* No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102, 115 (3d Cir.1976).

"This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); *see Deluccia,* 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates

plenary review of legal questions and clear error review of factual ones. *See Koon v. United States,* 518 U.S. 81, 100 (1996).

## ANALYSIS

Turning to Plaintiffs arguments, the Court finds that, despite dividing their motion into seven sections, Plaintiffs essentially make five separate arguments in support of their appeal of the October 3rd Order. *(See* ECF No. 18). Taking into account Plaintiffs' *pro se* status, the Court will briefly address each of these arguments.

First, Plaintiffs argue that the October 3rd Order must be vacated or amended because the October 3rd Order decided a letter motion to compel that was never formally filed with the Court. (Pl. Appeal at 1, ECF No. 18). Magistrate Judges have broad discretion to decide discovery issues that come before them. *See Halsey v. Pfeiffer,* 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010). Additionally, Magistrate Judges in the Third Circuit often decide discovery disputes based on informal motions to the Court. *See, e.g., Whitman v. Proconex, Inc.,* 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009) (denying Defendant's informal motion to compel); *Laurenzano v. Lehigh Valley Hosp., Inc.,* 2003 WL 21780978, at *3 (E.D. Pa. July 28, 2003) (noting that all discovery disputes can be brought before the Magistrate Judge on an informal basis as this approach facilitates a "speedy, informal resolution of discovery disputes.").

In this case, Plaintiffs twice made submissions to Judge Bongiovanni regarding Defendants' allegedly deficient discovery responses prior to the October 3rd Order. The October 3rd Order appears to reference arguments made by Plaintiffs in both submissions. This Court is not persuaded that Judge Bongiovanni abused her discretion in construing Plaintiffs' submissions to the Court as a letter motion to compel more complete responses and subsequently deciding said motion. Thus, this argument fails.

Second, Plaintiffs argue that the Court's calling the number of requests for admission propounded by Plaintiffs in this case "voluminous" was "not factual and [was] contrary to law." (Pl. Appeal at 2, ECF No. 18). In the October 3rd Order, Judge Bongiovanni called the number of requests for admissions "voluminous." (October 3rd Order at 2, ECF No. 17). Judge Bongiovanni also found that "[d]espite the fact that the facts set forth in Plaintiffs' Complaint are fairly uncomplicated, Plaintiffs have propounded extensive discovery in this matter." (*Id.*). This Court agrees that Plaintiffs' complaint contains a relatively straightforward fact pattern. Given the particularly broad deference that magistrate judges are afforded in managing the scope and conduct of discovery, this Court is not persuaded that Judge Bongiovanni acted improperly by terming the number of requests for admission "voluminous" in this case. As a result, this argument must fail.

Third, Plaintiffs argue that Judge Bongiovanni incorrectly restrained her consideration of Defendants' discovery responses to those specifically referenced in the October 3rd Order. (Pl. Appeal at 2-3, ECF No. 18). Plaintiffs appear to imply that if Judge Bongiovanni had reviewed all of Defendants' discovery responses, she would have found some of Defendants' responses to be insufficient.

In reviewing this assertion, the Court finds Plaintiffs have not presented sufficient evidence to show that Judge Bongiovanni did not consider all of Defendants' discovery responses. To the contrary, the October 3rd order specifically references the 21 interrogatories and 86 requests for admissions propounded by Plaintiffs in this case. (October 3rd Order at 2, ECF No. 17). The October 3rd Order goes on to state that the Court reviewed those discovery requests, and Defendants' responses thereto, in coming to its decision. (*Id.*). There is nothing to suggest that Judge Bongiovanni did not individually analyze Defendants' discovery responses, and as a result, this argument too must fail.

5

Fourth, Plaintiffs argue that Judge Bongiovanni erred when she found that certain of Plaintiffs' interrogatories improperly seek information from Defendants' counsel, rather than from a Defendant. (Pl. Appeal at 3, ECF No. 18). Fed. R. Civ. P. 33 provides, "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(2) provides for the use of "contention interrogatories." "Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citations omitted).

In this case, Judge Bongiovanni found that Plaintiffs' Interrogatory No. 1 improperly sought information from Defendants' counsel, and thus, Defendant Hamilton's response was appropriate. (October 3rd Order at 3, ECF No. 17). Plaintiffs' Interrogatory No. 1 and Defendant Hamilton's Response to Interrogatory No. 1 read:

> **Interrogatory No. 1:** Related to the mention of Heck v. Humphrey by Mr. Lasalle [Defendants' Counsel] before the court on March 7, 2016, please explain in detail all factual and legal bases to support a conclusion that a decision for either plaintiff in the present case would necessarily imply that the traffic citations given to Vares-Ebert related to actions in June 2014 were unlawful. Within the scope of this interrogatory, please demonstrate that the legal contentions of Hamilton Township are warranted by existing law and that the factual contentions have evidentiary support.
>
> **Defendant's Responses to Interrogatory No. 1:** Objection, this Interrogatory is improper because it does not seek any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, but rather seeks the bases for Defendant's counsel's mention of Heck v. Humphrey before the Court on March 7, 2016. Moreover, this Interrogatory is improper because it is not directed to a defendant, but rather defendants' counsel. As such, no substantive responses is required for this Interrogatory.

(*Id.*)

It is not entirely clear whether Interrogatory No. 1 seeks information from Defendant or Defendant Hamilton's counsel. If Interrogatory No. 1 seeks information from Defendant, it could be interpreted as an appropriate contention interrogatory. If, however, Interrogatory No. 1 seeks information directly from Defendant Hamilton's counsel of which Defendant has no knowledge, the interrogatory would be improper due to the non-party status of Defendant Hamilton's counsel. The Court finds that a reasonable person could take the view adopted by Judge Bongiovanni that Interrogatory No. 1 seeks information from Defendant Hamilton's Counsel, and thus, Defendants' objection to Interrogatory No. 1 was appropriate. Therefore, the Court finds that Judge Bongiovanni did not abuse her discretion in finding that Defendant Hamilton's responses to Plaintiffs' interrogatories were sufficient.

Plaintiffs' final argument is that the Court, in finding that Defendants' responses to Plaintiffs' requests for admission were appropriate, overlooked the duty of reasonable inquiry contained in Fed. R. Civ. P. 36. (Pl. Appeal at 4-5, ECF No. 18). The requirements for an answer to a request for admission are laid out in Fed. R. Civ. P. 36(a)(4):

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it…The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4)

In this case, Plaintiffs argue that the Court erred in finding that Plaintiffs' Request for Admission No. 10 of the First Set, Requests for Admission No. 7-10 of the Third Set and Request for Admission No. 2 of the Fourth Set and Defendant Hamilton's responses thereto were proper. The following request for admission and response was specifically cited in the October 3rd Order:

7

> **RFA No. 10:** Admit that defendant Mayor Yaede was aware of the "Neighborhood Improvement Program" in her time as Mayor of Hamilton Township.
>
> **Hamilton's Response to RFA No. 10:** Objection, this Request for Admission is improper because it is vague, overly broad, and is not relevant to any party's claim or defense in this matter. Moreover, the Township cannot truthfully admit or deny whether Mayor Yaede was personally "aware" of the substance of this Request for Admission.

In analyzing Defendant Hamilton's response, Judge Bongiovanni stated, "Clearly, Hamilton cannot admit or deny whether Yaede was aware of certain facts and its response to these requests for admission is appropriate." (October 3rd Order at 5, ECF No. 17). Judge Bongiovanni further found that Defendant Hamilton's objection to this Request for Admission was proper. (*Id.* at 4.) Plaintiffs argue that because Yaede is a party to this lawsuit and also "may be deemed an employee of Hamilton Township" that Defendant Hamilton was required to make reasonable investigation of Yaede to obtain the requested information pursuant to Fed. R. Civ. P. 36(a). (Pl. appeal at 4-5, ECF No. 18).

The Court need not address Plaintiffs' argument to conclude that Judge Bongiovanni did not abuse her discretion here. Fed. R. Civ. P. 36(a) also provides that the responding party may object to a request for admission if it properly states the grounds for doing so. *See* Fed. R. Civ. P. 36(a). Further, "A request for admission should be such that it could be answered yes or no. To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a)." *Zen Investments, LLC v. Unbreakable Co.*, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) (citations omitted).

Judge Bongiovanni found that Defendant Hamilton's objection claiming that the request is "vague, overly broad and is not relevant to any party's claim or defense in this matter" was proper. (October 3rd Order at 5, ECF No. 17). A reasonable person could certainly find that Request for Admission No. 10, asking Defendant Hamilton Township to admit whether

8

Defendant Yaede was "aware of a Neighborhood Improvement Program in her time as Mayor," was vague. It is unclear whether the request is referring to Defendant Yaede's alleged awareness of the existence of such a program, the purpose of such a program, the operations of such a program, or something more specific. The Request is not the type that yields a direct "yes" or "no" answer that Rule 36 was designed for. Therefore, the Court finds that Judge Bongiovanni did not abuse her discretion in finding that Defendant Hamilton's Objection to Request for Admission No. 10 was appropriate.

The Court has also reviewed Requests for Admission No. 7-10 of the Third Set and Request for Admission No. 2 of the Fourth Set and Defendant Hamilton's responses thereto. Defendants' objections to those requests include objections that the requests were vague, ambiguous, overly broad, irrelevant, and call for legal conclusions. The Court is not persuaded that Judge Bongiovanni abused her discretion in finding that these objections were proper. Therefore, Plaintiffs' argument that Defendants' failed to make—and Judge Bongiovanni failed to require—a reasonable inquiry to obtain the requested information is moot and this argument must also must fail.

As a result, Judge Bongiovanni did not abuse her discretion in denying Plaintiffs' letter motion to compel more complete discovery responses.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion is denied. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

**Date:** 11/15/16