NOT FOR PUBLICATION

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAN 2 7 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

LAWRENCE B. EBERT, REBECCA A. VARES-EBERT,

    Plaintiffs,

v.

TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II),

    Defendants.

Civ. No. 15-7331

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

    This matter appears before the Court upon Plaintiffs' motion for reconsideration and motion for certification for interlocutory appeal. (ECF No. 23). Plaintiffs in this case originally appealed a decision of the Magistrate Judge to this Court. (ECF No. 18). That appeal was denied, and Plaintiffs filed a motion for reconsideration of that denial in conjunction with a motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b). (ECF Nos. 21, 22, 23). Defendants oppose Plaintiffs' motions. (ECF No. 27).

    A timely motion for reconsideration pursuant to Local Civil Rule 7.1(i) may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). "A party seeking

reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted). In this case, Plaintiffs have failed to meet the high bar required for reconsideration. Plaintiffs argue that the Court applied an incorrect standard in deciding their appeal, overlooked certain factual issues, and committed clear error of law in its analysis. However, the Court is not persuaded that it applied an incorrect standard in ruling on Plaintiffs' appeal. Nor is the Court persuaded that it overlooked any dispositive factual matters or committed a clear error of law in deciding Plaintiffs' appeal. As a result, reconsideration is not warranted here.

28 U.S.C. § 1292(b) imposes three criteria for the district court's exercise of discretion to grant a certification for interlocutory appeal. "The order must (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Plaintiffs have failed to demonstrate that interlocutory appeal is warranted here. An interlocutory appeal regarding the legal standard that a district court applies in reviewing a magistrate judge's discovery order will not materially advance the termination of this litigation in any way. Therefore,

IT IS, on this 27th day of January, 2017,

ORDERED that Plaintiffs' Motion for Reconsideration and Motion for Certification for Interlocutory Appeal (ECF No. 23) are DENIED.

ANNE E. THOMPSON, U.S.D.J.