RECEIVED AUG 0 9 2017 AT 8:30____M WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE B. EBERT and REBECCA A. VARES-EBERT, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II), <br><br> Defendants. | Civ. No. 15-7331 <br><br> **MEMORANDUM OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the Motion to Appeal Magistrate Judge Tonianne J. Bongiovanni's Order Denying Plaintiffs' Request for a 30(b)(6) Deposition, brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert (collectively "Plaintiffs"). (ECF No. 37). Defendants Township of Hamilton ("Township Defendant") and Mayor Kelly A. Yaede oppose the motion (collectively "Defendants"). (ECF No. 40). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and only recites those facts relevant to this Opinion. Magistrate Judge Bongiovanni previously entered a Scheduling Order and held multiple conferences with the parties regarding discovery issues.

1

(*See* ECF Nos. 11, 13, 15, 32). Plaintiff, by notice of deposition, originally sought to take a Rule 30(b)(6) deposition, of

> "A 30(b)(6) witness who will bind Hamilton Township as to the ordinances authorizing the actions taken by Hamilton Township at 1850 Greenwood Avenue, Hamilton Township on June 28, 2014, including how notice of violation is served, how access to the property was obtained (and how it is implemented consonant with controlling Constitutional law), what personal property may be taken, what property was taken, and how the 'neighborhood improvement program' of Hamilton Township has been implemented."

(ECF No. 35 at 4). On March 31, 2017, the Court ordered that "[T]he parties shall submit letters regarding their positions relating to Plaintiff's 30(b)(6) notice" by April 14, 2017. (*See* ECF No. 33). The parties did so. It appears that Plaintiffs sought to conduct a Rule 30(b)(6) deposition of the Township Defendant, while Defendants objected to Plaintiffs' request. (*See* the "May 11th Order," ECF No. 35; *see also* ECF No. 34). The Court reviewed the submissions of the parties, and on May 11, 2017, Judge Bongiovanni entered a Letter Order denying Plaintiffs' request for a Rule 30(b)(6) deposition. (*See* May 11th Order). The Court determined that the Township Defendants "should not be compelled to produce a Rule 30(b)(6) deponent to testify as to how the subject Notice of Violation was served, how access to the property was obtained, what personal property may be taken, and what property was taken. Such testimony should be provided by fact witnesses who have personal knowledge of those matters." (May 11th Order at 2).

Additionally, in lieu of ordering the Township Defendant to produce a Rule 30(b)(6) deponent with respect to Plaintiffs' request for information to "bind Hamilton Township as to the ordinances authorizing the actions taken," the Court instructed the Township Defendant "to provide a certification from a Township official identifying all ordinances which it contends authorized the actions taken by Hamilton Township on June 28, 2014 as outlined in the Complaint." (*Id.* at 2). The Court cited proportionality concerns as a reason for not ordering

2

Defendant to produce a Rule 30(b)(6) deponent. (*Id.*). Subsequently, Plaintiffs filed an appeal of Magistrate Judge Bongiovanni's May 11th Letter Order. (ECF No. 37). This appeal is presently before the Court.

## LEGAL STANDARD

In considering an appeal of a nondispositive order by a magistrate judge, a reviewing court will modify or vacate an order only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L. Civ. R. 72.1(c). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's finding is clearly erroneous when, after considering the entirety of the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998).

Furthermore, where the appeal seeks review of a matter within the core competence of the magistrate judge, such as a discovery dispute, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, 2012 WL 909548, at *1 (D.N.J. March 15, 2012).

## ANALYSIS

Plaintiffs make multiple arguments in support of their appeal. First, Plaintiffs argue that the Court's citation to *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011), was contrary to law. While Plaintiffs are correct that the specific ruling in *Sara Lee* dealt with

3

admissibililty of Rule 30(b)(6) testimony and not discoverability, that does not demonstrate that the Court's ruling here was contrary to law. Plaintiffs argue that the Court should have ordered the Township Defendant to produce a Rule 30(b)(6) deponent to bind it to answers regarding specific events, rather than allowing Plaintiffs to gather the information from other sources, such as fact witnesses who have personal knowledge of the underlying events. However, Plaintiffs do not present compelling case law in support of their argument. Plaintiffs carry the burden of showing that the May 11th Order was clearly erroneous or contrary to law, *Marks*, 347 F. Supp. 2d at 149, and Plaintiffs have not met that burden.

Second, Plaintiffs argue that the Court erred in limiting Plaintiffs' ability to choose which discovery vehicle to use without providing adequate justification for doing so. However, magistrate judges have discretion to decide discovery issues and control the conduct of discovery. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Plaintiffs have not met their burden of demonstrating that Judge Bongiovanni erred here in exercising that discretion by declining their request for a 30(b)(6) deposition.

Third, Plaintiffs argue that, in the May 11th Order, the Court misstated the tense of a verb contained in the request for a 30(b)(6) deposition, and as a result, misinterpreted Plaintiffs' request for deposition. Plaintiffs claim that the May 11th Order incorrectly stated that Plaintiffs requested a 30(b)(6) deposition on "how the Notice of Violation was served" when Plaintiffs actually requested a 30(b)(6) deposition on, *inter alia*, "how the Notice of Violation is served." Plaintiffs argue that, by changing the verb tense, the Court falsely turned this topic into a factual question rather than a question regarding the "custom and practice" of the Township Defendant. Despite the apparent change in verb tense with respect to the Notice of Violation, Judge Bongiovanni explicitly considered "what personal property may be taken," evidence which also tends to show the "custom and practice" of the Township Defendant. In short, this Court is not

4

"left with the definite and firm conviction that a mistake has been committed," *Dome Petroleum Ltd.*, 131 F.R.D. at 65, and therefore this argument also fails.

Fourth, Plaintiffs argue that the Court improperly copied material from Defendants' brief. It appears that this argument arises out of the Court's citing the same case in the May 11th Order that Defendants cited in their submission to the Court. Plaintiffs cite *Bright v. Westmoreland Cty.*, 380 F.3d 729 (3d Cir. 2004) to support their argument. In *Bright,* the Third Circuit reversed a District Court's dismissal of a Complaint because the District Court adopted "nearly verbatim" a party's proposed opinion. *Id.* at 731. Citing the same case that a party cited in its submission is clearly distinguishable from adopting a party's proposed opinion nearly verbatim. Therefore, this argument must also fail.

The Court has considered all of Plaintiffs' other arguments and is not persuaded that Plaintiffs have demonstrated that the May 11th Order was clearly erroneous or contrary to law. Similarly, the Court is not persuaded that Plaintiffs have demonstrated that the May 11th Order constituted an abuse of discretion.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion is denied. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: **August 9, 2017**

5