NOT FOR PUBLICATION

RECEIVED OCT 0 4 2017 AT 8:30 ___ M WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE B. EBERT and REBECCA A. VARES-EBERT,

Plaintiffs,

v.

TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II),

Defendants.

Civ. No. 15-7331

**MEMORANDUM OPINION AND ORDER**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion for Clarification (ECF No. 47) and Motion for Reconsideration (ECF No. 49) brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert ("Plaintiffs"). The motions concern the Court's August 9, 2017 Memorandum Opinion and Order (ECF Nos. 43, 44) denying Plaintiffs' appeal (ECF No. 37) of a decision of the Magistrate Judge (ECF No. 35). Defendants Township of Hamilton ("Township Defendant") and Mayor Kelly A. Yaede (collectively "Defendants") oppose. (ECF No. 55.) The Court has decided the motions based on the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motions are denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and only recites facts relevant to this Opinion. Earlier in this action, Magistrate Judge Bongiovanni entered a Scheduling Order and held multiple discovery conferences with the parties. (*See* ECF Nos. 11,

1

13, 15, 32.) Plaintiffs, by notice of deposition, sought to depose

> "A 30(b)(6) witness who will bind Hamilton Township as to the ordinances authorizing the actions taken by Hamilton Township . . . , including how notice of violation is served, how access to the property was obtained (and how it is implemented consonant with controlling Constitutional law), what personal property may be taken, what property was taken, and how the 'neighborhood improvement program' of Hamilton Township has been implemented."

(ECF No. 35 at 4.) The Court ordered the parties to submit letters explaining their positions regarding Plaintiffs' 30(b)(6) notice by April 14, 2017. (ECF No. 33.) Defendants objected to Plaintiffs' request. (*See* "May 11th Order," ECF No. 35; *see also* ECF No. 34.) On May 11, 2017, Judge Bongiovanni denied Plaintiffs' request. (May 11th Order.)

Judge Bongiovanni determined it was inappropriate to compel the Township Defendant

> "to produce a Rule 30(b)(6) deponent to testify as to how the subject Notice of Violation was served, how access to the property was obtained, what personal property may be taken, and what property was taken. Such testimony should be provided by fact witnesses who have personal knowledge of those matters."

(May 11th Order at 2.) Judge Bongiovanni declined to order a Rule 30(b)(6) deposition in light of proportionality concerns. (*Id.*) With respect to Plaintiffs' request to "bind Hamilton Township as to the ordinances authorizing the actions taken," Judge Bongiovanni instructed the Township Defendant "to provide a certification from a Township official identifying all ordinances which it contends authorized the actions taken . . . ." (*Id.*) Plaintiffs appealed Judge Bongiovanni's Order. (ECF No. 37.) After considering the parties' briefing papers, this Court denied Plaintiffs' appeal on August 9, 2017 ("August 9th Opinion"). (ECF Nos. 43, 44.) On August 16, 2017, Plaintiffs moved for clarification of the August 9th Opinion. (ECF No. 47.) On August 23, 2017, Plaintiffs moved for reconsideration of the August 9th Opinion. (ECF No. 49.) After an extension of time (ECF No. 52), Defendants submitted their opposition on September 18, 2017. (ECF No. 55.)

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prod., Inc.*, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Resolution Tr. Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)). "Conversely, the purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). Although their purposes are different, "[m]otions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction." *Id.*; *see, e.g., Antoine v. Rucker*, 2007 WL 789068, at *1 (D.N.J. Mar. 12, 2007).

A timely motion for reconsideration pursuant to Local Civil Rule 7.1(i) may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citations omitted); *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314

3

(D.N.J. 1990). "An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *see also Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999). Thus, even an argument the court did not explicitly mention is "not deemed overlooked because it is not specifically addressed in a court's opinion." *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006).

## ANALYSIS

Plaintiffs raise nearly identical arguments in their motions for clarification and for reconsideration. The bulk of these arguments are appropriately construed as requests for reconsideration, not clarification, since they predominantly relate to alleged pitfalls in the Court's reasoning or conclusions, not ambiguity in the Court's opinion. Across both motions, Plaintiffs argue that the Court applied an incorrect standard in deciding their appeal, applied controlling precedent imprecisely and erroneously, overlooked relevant case law, and committed clear error of law in its analysis. Only two of Plaintiffs' assertions genuinely relate to clarity and shall be considered part of the motion for clarification.

First, Plaintiffs note that the Court's August 9th Opinion focused on four of Plaintiffs' nine objections to Judge Bongiovanni's May 11th Order. (Pls.' Br. at 4, ECF No. 47.) Plaintiffs request that the Court "avoid ambiguity" by "stat[ing] explicitly that Objections I though IX each are overruled." (*Id.*) While the Court did specifically address four of Plaintiffs' arguments, the Court also clearly considered and rejected all of Plaintiffs' remaining arguments. (Aug. 9 Mem. Op. at 5, ECF No. 43 ("The Court has considered all of Plaintiffs' other arguments and is not persuaded . . . .")) Clarification is not warranted here.

Second, Plaintiffs express confusion as to the standard of review the Court employed—whether the Court reviewed Judge Bongiovanni's order under the "contrary to law" or "abuse of

4

discretion" standard. The Court's August 9th Opinion set out the legal standard for reviewing nondispositive orders by a magistrate judge (clearly erroneous or contrary to law), and the specific standard for reviewing a magistrate judge's discretionary decisions in discovery matters (abuse of discretion). The Court then noted the operative standard of review throughout its analysis section. The Court does not find further clarification is warranted.

Turning to reconsideration, Plaintiffs have not demonstrated how any of the three limited circumstances in which reconsideration is warranted applies here. At the outset, Plaintiffs do not argue that the Court faces an intervening change in controlling law or new evidence not previously available. Thus, the only possible mechanism to achieve reconsideration would be necessity to correct a clear error of law or to prevent manifest injustice.

Plaintiffs have failed to meet the high bar that reconsideration demands. To the contrary, Plaintiffs improperly rehash arguments the Court considered and rejected in its August 9th Opinion. Plaintiffs argue the Court misinterpreted or overlooked certain cases, but the Court disagrees. The Court's decision not to discuss certain cases in its prior opinion does not mean the Court overlooked those cases. *See Simpson*, 2015 WL 3618295, at *2. Rather, the Court carefully reviewed each of Plaintiffs' arguments and found that they were unsupported by controlling precedent and did not meet Plaintiffs' burden as the appellants.

Plaintiffs have also failed to establish that reconsideration is necessary to prevent manifest injustice. Plaintiffs argue that, without a Rule 30(b)(6) deposition, they have been denied information necessary to prove their case, amounting to manifest injustice. While Plaintiffs rightly assert that parties have latitude to select discovery methods they deem appropriate, this Court and the Third Circuit recognize that "[a]lthough the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Kirsch v. Delta Dental of New Jersey, Inc.*, 2008 WL 441860, at *2 (D.N.J. Feb. 14, 2008) (quoting *Bayer*

5

*AG v. Betachem, Inc.*, 173 F.3d 188 (3d Cir. 1999)). The cases Plaintiffs cite which allowed Rule 30(b)(6) depositions, *see, e.g., Richardson v. Rock City Mech. Co., LLC*, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010), do not preclude a magistrate judge from determining such a deposition was not appropriate here. This Court's August 9th Opinion determined Judge Bongiovanni did not abuse her discretion; her noted "proportionality concerns" reflect that

> the frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if the burden or the expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

*Kirsch*, 2008 WL 441860, at *2. Judge Bongiovanni's May 11th Order concluded Plaintiffs primarily sought information concerning the specific events underlying this case. (*See* May 11th Order at 2.) Accordingly, the Order permitted Plaintiffs to depose fact witnesses with personal knowledge of those events but, in view of Plaintiff's request for evidence of custom and practice, also required the Township Defendant to produce a certification identifying the ordinances which it believed authorized the actions taken. (*Id.*) These determinations were soundly within the discretion of the Magistrate Judge. Plaintiffs' disagreement with this outcome does not render Judge Bongiovanni's decision an abuse of discretion and, in turn, does not render this Court's August 9th Opinion clear error of law or manifest injustice.

Therefore,

IT IS, on this _____ day of October, 2017,

ORDERED that Plaintiffs' Motion for Clarification (ECF No. 47) and Motion for Reconsideration (ECF No. 49) are DENIED.

ANNE E. THOMPSON, U.S.D.J.

6