NOT FOR PUBLICATION

RECEIVED
OCT 11 2017
AT 8:30
WILLIAM T. WALSH  M
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE B. EBERT and REBECCA A. VARES-EBERT,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II),<br><br>Defendants. | Civ. No. 15-7331<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion to Modify brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert ("Plaintiffs"). (ECF No. 53.) The motion seeks to appeal the August 22, 2017 Letter Order entered by the Magistrate Judge. (ECF No. 48.) Defendants Township of Hamilton ("Township Defendant") and Mayor Kelly A. Yaede (collectively "Defendants") oppose. (ECF No. 56.) The Court has decided the motion based on the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motion is denied.

## BACKGROUND

As in past opinions in this matter, the Court again recites only those facts relevant to this Opinion. Earlier this year, Magistrate Judge Bongiovanni entered a Scheduling Order and held multiple discovery conferences with the parties. (*See* ECF Nos. 11, 13, 15, 32.) Plaintiffs, by notice of deposition, sought to depose

1

> A 30(b)(6) witness who will bind Hamilton Township as to the
> ordinances authorizing the actions taken by Hamilton Township . .
> . , including how notice of violation is served, how access to the
> property was obtained (and how it is implemented consonant with
> controlling Constitutional law), what personal property may be
> taken, what property was taken, and how the 'neighborhood
> improvement program' of Hamilton Township has been
> implemented.

(ECF No. 35 at 4.) On May 11, 2017, Judge Bongiovanni denied Plaintiffs' requested 30(b)(6) deposition. ("May 11th Order," ECF No. 35.)

Judge Bongiovanni determined it was inappropriate to compel the Township Defendant

> to produce a Rule 30(b)(6) deponent to testify as to how the subject
> Notice of Violation was served, how access to the property was
> obtained, what personal property may be taken, and what property
> was taken. Such testimony should be provided by fact witnesses
> who have personal knowledge of those matters.

(May 11th Order at 2.) Judge Bongiovanni declined to order a Rule 30(b)(6) deposition in light of proportionality concerns. (*Id.*) With respect to Plaintiffs' request to "bind Hamilton Township as to the ordinances authorizing the actions taken," Judge Bongiovanni instructed the Township Defendant "to provide a certification from a Township official identifying all ordinances which it contends authorized the actions taken . . . ." (*Id.*) Plaintiffs appealed Judge Bongiovanni's Order. (ECF No. 37.) After considering the parties' briefing papers, this Court denied Plaintiffs' appeal on August 9, 2017 ("August 9th Opinion"). (ECF Nos. 43, 44.)

On August 10, Judge Bongiovanni entered a Letter Order denying Plaintiffs' request for additional discovery, as the "issues raised have already been denied by the Court or appropriately answered by the Defendants." (ECF No. 45.) The following day Plaintiffs submitted a new motion to compel discovery, again requesting a Rule 30(b)(6) deposition (ECF No. 46), which Judge Bongiovanni dismissed as moot on August 22, 2017 ("August 22nd Letter Order," ECF No. 48). That Order read, "The Court has reviewed Plaintiffs' motion as well as the letter

2

submitted by Defendants on August 18, 2017. The issues contained in Plaintiffs' motion have already been ruled upon, therefore, the motion is DISMISSED AS MOOT." (*Id.*)[1] In support of her ruling, Judge Bongiovanni cited her May 11th Order and this Court's August 9th Opinion and Order (ECF Nos. 35, 43, 44). On September 5, 2017, Plaintiffs appealed, filing objections and a motion to modify the August 22nd Letter Order. (ECF No. 53.) The Clerk's Office initially referred the Motion to Judge Bongiovanni. (*See* docket entry dated 9/5/2017.) That mistake was corrected on October 4, 2017, and the Court now considers the Motion.

## LEGAL STANDARD

In considering an appeal of a nondispositive order by a magistrate judge, a reviewing court will modify or vacate an order only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L. Civ. R. 72.1(c). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's finding is clearly erroneous when, after considering the entire evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990). A ruling is contrary to law if the magistrate judge misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Despite the overarching standard under Rule 72(a), "[w]here the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute," *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, 2016 WL 755473, at *1 (D.N.J. Feb. 24, 2016), the ruling "is entitled to great deference and is reversible only for abuse of discretion."

---

[1] Meanwhile, on August 16, 2017, Plaintiffs moved for clarification of this Court's August 9th Opinion. (ECF No. 47.) On August 23, 2017, Plaintiffs moved for reconsideration of the August 9th Opinion. (ECF No. 49.) The Court denied both motions on October 4, 2017. (ECF No. 61.)

3

*See, e.g., Deluccia v. City of Paterson*, 2012 WL 909548, at *1 (D.N.J. March 15, 2012); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). For discovery decisions, the district court may apply this more deferential standard, which still requires "plenary review of legal questions and clear error review of factual ones." *Edwards*, 2016 WL 755473, at *1.

## ANALYSIS

Plaintiffs make four objections to the August 22nd Letter Order: (1) Plaintiffs were denied notice and an opportunity to be heard; (2) Judge Bongiovanni inappropriately considered improperly served opposition papers; (3) (A) Judge Bongiovanni erred as a matter of law in finding Plaintiffs' motion moot; (3) (B) Plaintiffs are entitled to a Rule 30(b)(6) deposition as a matter of law; and (4) Plaintiffs' motion is not moot because of new evidence.

Plaintiffs first argue that they never received or saw this Court's August 9th Order (ECF No. 44), and therefore Judge Bongiovanni denied to Plaintiffs notice and an opportunity to be heard by citing to docket entry 44 as support for her August 22nd ruling. Because this Court's August 9th Order merely repeated the ruling contained within this Court's corresponding August 9th Opinion (ECF No. 43), which Plaintiffs did see and receive, Plaintiffs' contention is insupportable. Plaintiffs were fully on notice of the ruling in that Order; indeed, they moved for clarification on August 16, 2017, before Judge Bongiovanni had even made her ruling. (ECF No. 47.) The August 22nd Letter Order was not contrary to law on this basis.

Plaintiffs' second argument relies on Local Civil Rule 37's requirement of formal motion practice in discovery matters involving *pro se* parties. L. Civ. R. 37.1(a)(2), (b)(1). They assert that Judge Bongiovanni's reference to Defendants' informally submitted August 18th letter was improper because it was not filed with the Clerk's Office. This Court has previously relaxed Rule 37 in this action (*see* Op. at 4, ECF No. 21), which a court may do in the interests of justice, *see,*

4

*e.g., Thomas & Betts v. Richards Mfg. Co.*, 2010 WL 2400151, at *4 (D.N.J. June 10, 2010). Magistrate Judges have broad discretion to decide discovery issues before them, *see Halsey v. Pfeiffer*, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010), and, in the Third Circuit, often decide discovery disputes based on informal motions, *see, e.g., Whitman v. Proconex, Inc.*, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009). The Court finds no abuse of discretion here where, even ignoring Defendants' informally submitted opposition, Judge Bongiovanni would have reached an identical conclusion because she found the reasoning in this Court's prior rulings provided an independent and adequate basis for her decision.

Plaintiffs argue, third, that their Motion to Compel (ECF No. 46) was not moot because an "actual controversy" existed between the parties as to notices for 30(b)(6) depositions. Plaintiffs reframe their disagreement with the Court's prior rulings as an actual controversy between Plaintiffs and Defendants. However, Plaintiffs' disagreement with the Court's valid rulings does not amount to an actual controversy. This Court already formally denied a Rule 30(b)(6) deposition. (ECF Nos. 35, 43, 44, 61.) Judge Bongiovanni did not abuse her discretion in finding Plaintiffs' renewed request for a Rule 30(b)(6) deponent to be moot. The remainder of Plaintiffs' third objection renews arguments made in their appeal of Judge Bongiovanni's May 11th Order. (*See* Pls.' Br. at 3–5 (Section III.B), ECF No. 53-1.) The Court will not address these arguments, having already considered and rejected them. (*See* ECF Nos. 43, 44, 61.)

Finally, Plaintiffs argue that their Motion to Compel (ECF No. 46) related to separate 30(b)(6) deposition notices, served in June and August 2017, and not the August 2016 deposition notice which was the subject of the Court's Opinions and Orders in May and August 2017. Plaintiffs assert that they are seeking discovery on new topics that can only be obtained from a 30(b)(6) deponent, including information related to a lien imposed on their property after the events that are the subject of the Complaint. (Pls.' Br. at 3, 6; Pls.' Mot. to Compel at 6–7, ECF

No. 46.) Plaintiffs suggest they seek this information in relation to a state foreclosure action regarding that lien. (Pls.' Br. at 6; Pls.' Mot. to Compel at 7.) The lien, however, is not mentioned in the Complaint and is beyond the scope of discovery here. Plaintiffs' other purported new topics are rephrased but nonetheless mirror the original topics for which Judge Bongiovanni denied a Rule 30(b)(6) deposition. Accordingly, Judge Bongiovanni did not abuse her discretion in denying Plaintiffs' Motion to Compel.

Therefore,

IT IS, on this 11th day of October, 2017,

ORDERED that Plaintiffs' Motion to Modify Letter Order is DENIED.

ANNE E. THOMPSON, U.S.D.J.