RECEIVED
NOV 15 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LAWRENCE B. EBERT and REBECCA A. VARES-EBERT,

    Plaintiffs,

v.

TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II),

    Defendants.

Civ. No. 15-7331

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion for Reconsideration brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert ("Plaintiffs"). (ECF No. 63.) The motion seeks reconsideration of the Court's October 11th Memorandum Order. (ECF No. 62.) Defendants Township of Hamilton ("Township Defendant") and Mayor Kelly A. Yaede (collectively "Defendants") oppose. (ECF No. 64.) The Court has decided the motion based on the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motion is denied.

## BACKGROUND

As in past opinions in this matter, the Court again recites only those facts relevant to this Opinion. Earlier this year, Magistrate Judge Bongiovanni entered a Scheduling Order and held multiple discovery conferences with the parties. (*See* ECF Nos. 11, 13, 15, 32.) Plaintiffs, by notice of deposition, sought to depose

1

> A 30(b)(6) witness who will bind Hamilton Township as to the
> ordinances authorizing the actions taken by Hamilton Township . .
> . , including how notice of violation is served, how access to the
> property was obtained (and how it is implemented consonant with
> controlling Constitutional law), what personal property may be
> taken, what property was taken, and how the 'neighborhood
> improvement program' of Hamilton Township has been
> implemented.

(ECF No. 35 at 4.) On May 11, 2017, Judge Bongiovanni denied Plaintiffs' requested 30(b)(6) deposition. ("May 11th Order," ECF No. 35.)

Judge Bongiovanni determined it was inappropriate to compel the Township Defendant

> to produce a Rule 30(b)(6) deponent to testify as to how the subject
> Notice of Violation was served, how access to the property was
> obtained, what personal property may be taken, and what property
> was taken. Such testimony should be provided by fact witnesses
> who have personal knowledge of those matters.

(May 11th Order at 2.) Judge Bongiovanni declined to order a Rule 30(b)(6) deposition in light of proportionality concerns. (*Id.*) With respect to Plaintiffs' request to "bind Hamilton Township as to the ordinances authorizing the actions taken," Judge Bongiovanni instructed the Township Defendant "to provide a certification from a Township official identifying all ordinances which it contends authorized the actions taken . . . ." (*Id.*) Plaintiffs appealed Judge Bongiovanni's Order. (ECF No. 37.) After considering the parties' briefing papers, this Court denied Plaintiffs' appeal on August 9, 2017 ("August 9th Opinion"). (ECF Nos. 43, 44.)

On August 10, Judge Bongiovanni entered a Letter Order denying Plaintiffs' request for additional discovery, based on her review of emails concerning discovery exchanged between Plaintiffs and Defendants during July 2017. (ECF No. 45.) That order read in its entirety:

> Having considered the Plaintiffs' submissions and the foregoing,
> the Court denies Plaintiffs' request for additional discovery. The
> issues raised by Plaintiffs have already been either denied by the
> Court or appropriately answered by the Defendants. No additional
> discovery is warranted. As previously ordered depositions are to be

2

> completed by August 30, 2017. A status report is to be submitted
> on August 31, 2017.

On August 11 Plaintiffs submitted a motion to compel discovery, again requesting a Rule 30(b)(6) deposition (ECF No. 46), which Judge Bongiovanni dismissed as moot on August 22, 2017 ("August 22nd Letter Order," ECF No. 48).[1] That Order read, "The Court has reviewed Plaintiffs' motion as well as the letter submitted by Defendants on August 18, 2017. The issues contained in Plaintiffs' motion have already been ruled upon, therefore, the motion is DISMISSED AS MOOT." (*Id.*)[2] In support of her ruling, Judge Bongiovanni cited her May 11th Order and this Court's August 9th Opinion and Order (ECF Nos. 35, 43, 44). On September 5, 2017, Plaintiffs appealed, filing objections and a motion to modify the August 22nd Letter Order. (ECF No. 53.) The Court denied that appeal on October 11, 2017. (ECF No. 62.) Plaintiffs now seek reconsideration of the October 11th Memorandum Order.

## **LEGAL STANDARD**

Reconsideration is an extraordinary remedy that should be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and the Local Rules, a motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is not an opportunity to raise new matters or arguments that could have

---

[1] Plaintiffs continue to seek discovery related to Hamilton Township's Neighborhood Improvement Program. (*See, e.g.*, Pls.' Mot. to Compel at 10 (item 5), ECF No. 46; Pls.' Br. at 14 (item 5), ECF No. 63.) However, Judge Bongiovanni has ruled that program is beyond the scope of discovery. (May 11th Order at 2.)

[2] Meanwhile, on August 16, 2017, Plaintiffs moved for clarification of this Court's August 9th Opinion. (ECF No. 47.) On August 23, 2017, Plaintiffs moved for reconsideration of the August 9th Opinion. (ECF No. 49.) The Court denied both motions on October 4, 2017. (ECF No. 61.)

been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). "An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *see also Eichorn v. AT&T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999). Thus, even an argument the court did not explicitly mention is "not deemed overlooked because it is not specifically addressed in a court's opinion." *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## ANALYSIS

Plaintiffs raise a series of overlapping arguments for reconsideration. The Court has considered them all and groups them as follows: (1) the Court clearly erred by not finding it an abuse of discretion for Judge Bongiovanni to deviate from Local Civil Rule 37.1's requirement of formal motion practice on discovery matters involving pro se parties; (2) the Court clearly erred because Plaintiffs noticed new topics for a Rule (30)(b)(6) deposition in 2017 which both Judge Bongiovanni and this Court failed to consider and which demand that Defendants produce a Rule 30(b)(6) deponent; and (3) Plaintiffs were denied due process since they never received Judge Bongiovanni's August 10th Letter Order (ECF No. 45).

4

Plaintiffs' first argument relies on Local Civil Rule 37.1's requirement of formal motion practice in discovery matters involving pro se parties. L. Civ. R. 37.1(a)(2), (b)(1). In its October 11th Opinion, this Court explained, "The Court finds no abuse of discretion here where, even ignoring Defendants' informally submitted opposition, Judge Bongiovanni would have reached an identical conclusion because she found the reasoning in this Court's prior rulings provided an independent and adequate basis for her decision." (Op. at 5, ECF No. 62.) Plaintiffs argue that Judge Bongiovanni improperly accepted Defendants' informal opposition, and this Court committed a clear error of law in finding otherwise. Plaintiffs have already raised this argument before this Court, which the Court has considered and denied. Other courts in this district have similarly permitted informal motion practice during discovery involving pro se parties. *See, e.g., Grohs v. Yatauro*, 2015 WL 7760185, at *2 (D.N.J. Nov. 30, 2015); *Hayes v. Bergus*, 2015 WL 7458542, at *2 (D.N.J. Nov. 23, 2015); *Adesanya v. Novartis Pharm. Corp.*, 2015 WL 6122080, at *3 (D.N.J. Oct. 16, 2015). The Court therefore declines to reconsider this issue.

Plaintiffs' second set of arguments relates to this Court not finding it an abuse of discretion for Judge Bongiovanni to deny Plaintiffs' requested 30(b)(6) deposition. (*See* Pls.' Br. at 5–15.) Plaintiffs re-argue that they should have been granted such a deposition to explore custom and practice evidence, including a series of "new" topics raised in June and August 2017. (*Id.* at 13–14.) The Court does not find that any of Plaintiffs' arguments on this score meet the demanding standard required on a motion for reconsideration. To the contrary, the Court has considered Plaintiffs' arguments before and found that Judge Bongiovanni did not abuse her discretion in denying a Rule 30(b)(6) in favor of other forms of discovery, including depositions of fact witnesses, interrogatories, and a certification from the Township Defendant regarding ordinances relied on to authorize the actions taken at Plaintiffs' property (*see, e.g.*, ECF Nos. 25, 35, 45). (ECF Nos. 43, 44, 61, 62.) Plaintiffs argue that the Court overlooked new topics noticed

for discovery in 2017,[3] but comparing the itemized topics to prior discovery disputes and Judge Bongiovanni's orders thereon (*see, e.g.*, ECF Nos. 35, 45 and enclosed materials from the parties), this Court did not find that the topics were truly "new" as they had been the subject of prior discovery disputes regarding Plaintiffs' original request for a 30(b)(6) deposition and interrogatories. All told, the Court finds reconsideration is not warranted on this subject.

Third, Plaintiffs introduce a new argument regarding a due process violation. Plaintiffs concede that their original moving papers (ECF No. 53) erred in claiming they never received or saw this Court's August 9th Order (ECF No. 44). Rather, Plaintiffs now clarify that they never received Judge Bongiovanni's August 10th Letter Order (ECF No. 45), which was a handwritten order concerning discovery requests made by Plaintiffs over email to Defendants in July 2017. Thus, Plaintiffs make the new argument that, because they never received that order, they have been denied due process in being denied the opportunity to raise objections to that order. This argument is inappropriate for this Court to consider on a motion for reconsideration, as it in no way relates to reconsideration of the Court's prior opinion since it delves entirely into new matters. Even so, given the nature and subject matter of Judge Bongiovanni's August 10th Letter Order, which is reproduced in full in the Background Section, *supra*, the Court does not find that Plaintiffs were denied notice or an opportunity to be heard; indeed, the matter covered by that

---

[3] Plaintiffs address the Court's focus on Plaintiffs' requested discovery about the lien imposed by the Township Defendant. (Pls.' Br. at 10, 14; Pls.' Reply Br. at 5, ECF No. 66.) Plaintiffs argue the lien is relevant because it relates to the "financial charges" in the Relief Requested section of Plaintiffs' Complaint. (Pls.' Br. at 10; Compl. at 11, "Relief Requested" (e)–(f), ECF No. 1.) The Court notes that Plaintiffs sought discovery related to the financial charges separate and apart from discovery related to the lien (Pls.' Mot. to Compel at 10 (compare items 3 and 7)), and that the lien is never mentioned in Plaintiffs' Complaint. The Court highlighted the lien in its discussion because, in moving papers, Plaintiffs noted the importance of the lien in relation to a state foreclosure action that is beyond the jurisdiction of this Court or the subject matter of Plaintiffs' Complaint. (Pls.' Mot. to Compel at 7 ("Because there is now a foreclosure proceeding in state court, these documents have become of increased importance.").) The Court emphasizes that discovery in this action is limited to the events laid out in Plaintiffs' Complaint.

6

order—namely, the scope and extent of permissible discovery—has been exhaustively explored by Plaintiffs and the Court in the context of Plaintiffs' Motion to Compel and subsequent filings (ECF Nos. 46, 53, 63). (*See, e.g.*, ECF Nos. 48, 62, and this Opinion.)

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

7