RECEIVED JUN 1 8 2018 AT 8:30_____M WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE B. EBERT and REBECCA A. VARES-EBERT, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF HAMILTON, MAYOR KELLY A. YAEDE (in her official and individual capacity), JOHN DOE (I), and JOHN DOE (II), <br><br> Defendants. | Civ. No. 15-7331 <br><br> **MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiffs' Motion to Dismiss Defendants' Summary Judgment Motion. (ECF No. 75.) Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert ("Plaintiffs") seek to bar Defendants' Motion for Summary Judgment from this Court's consideration because Defendants failed to include a separately numbered Statement of Undisputed Material Facts in keeping with Local Civil Rule 56.1(a). (*See* Pls.' Br. at 2, ECF No. 75-1 (referring erroneously to Local Rule 65.1).) In the alternative, Plaintiffs seek a single-cycle adjournment of Defendants' Motion, pursuant to Local Civil Rule 7.1(d)(5). Defendants Township of Hamilton and Mayor Kelly A. Yaede ("Defendants") moved for summary judgment on June 8, 2018. (ECF No. 74.) The Motion is presently returnable on July 2, 2018.

Courts in this District commonly relax the dictates of Rule 56.1 when there is no showing of bad faith and when the omission is a mere technical violation. Here, Defendants' brief in support of their Motion contains a "detailed fact section that points to the summary judgment record," *Scott v. Ellis*, 2015 WL 1646830, at *1 n.2 (D.N.J. Apr. 14, 2015) (citing *Park v. Sec'y*

1

*of U.S. Dep't of Veterans Affairs*, 594 F. App'x 747, 751 (3d Cir. 2014)), which sufficiently apprises the Court of the facts that are and are not in dispute. (*See* Defs.' Br. at 2–7, ECF No. 74-1); *see also, e.g., Adami v. Cardo Windows, Inc.*, 2014 WL 2586933, at *2 (D.N.J. June 10, 2014) ("[T]heir . . . brief contains detailed citations to the record that make clear certain disputed facts."); *Landano v. Hudson Cty., N.J. Prosecutor's Office*, 2006 WL 1374048, at *4 n.13 (D.N.J. May 18, 2006) (declining to dismiss motion for summary judgment on technical violation of Rule 56.1, which did "not hamper the substantive analysis"). Accordingly, the Court does not require the submission of a separate statement of facts and will review Defendants' Motion for Summary Judgment as submitted. Given that the Court has relaxed the Rule 56.1 requirements on this Motion, in opposition Plaintiffs shall include in their brief their statement of facts in narrative prose with sufficient citations to the record, as Defendants have done.

Therefore,

IT IS, on this __18th__ day of June, 2018,

ORDERED that Plaintiffs' Motion to Dismiss (ECF No. 75) is DENIED; and it is further

ORDERED that Plaintiffs' requested alternative relief pursuant to Rule 7.1(d)(5) is GRANTED; and it is further

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 74) is adjourned by one cycle to July 16, 2018, with Plaintiffs' opposition due July 2, 2018, and Defendants' reply due July 9, 2018.

ANNE E. THOMPSON, U.S.D.J.