Lawrence B. Ebert, pro se party
390 Garretson Road
Bridgewater, NJ 08807
Cell phone 908-938-1660

RECEIVED
JUN 21 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAWRENCE B. EBERT, REBECCA A. VARES-EBERT,<br><br>Plaintiffs, pro se<br><br>v.<br><br>TOWNSHIP OF HAMILTON, ET AL.,<br><br>Defendants. | No. 3:15-ev-07331-AET-TJB<br><br><br>Responsive Statement of Material Facts |

RESPONSIVE STATEMENT OF MATERIAL FACTS PURSUANT

TO LOCAL RULE 65.1

PRELIMINARY STATEMENT. As seen in docket entry 74, Defendants filed a motion for summary judgment without including a Statement of Material Facts Not in Dispute, in violation of Local Rule 65.1. Pursuant to Rule 65.1's text "shall be dismissed," Plaintiffs filed a motion to dismiss on June 18, 2018, noticed for July 16, 2018. If dismissal were not granted, Plaintiffs moved for an adjournment, pursuant to Local Rule 7.1, which would be noticed for July 16, 2018. If, somehow, neither request were granted, Plaintiffs include herewith a responsive statement without waiving their position stated in the motion of June 18, 2018 and without waiving their right to modify or amplify this statement, on the basis that insufficient time was given to the Plaintiffs. Certain evidence presented in the declarations of Vares-Ebert and Ebert may lead to the conclusion that Defendants' Statement of Material Facts (served by mail on Plaintiffs postmarked June 18, 2018) was not ready for filing (including the absence of a Statement 24 and the alleged support for Statement 20). Pursuant to Federal Rule of Civil Procedure 6, this is a timely response to Plaintiffs' motion filed June 8, 2018. If the motion to dismiss of June 18, 2018 is not granted, Plaintiffs will file a responsive opposition brief. In the text below, the notation DVEN will refer to the Declaration of Vares-Ebert paragraph N, and DEM will refer to the Declaration of Ebert paragraph M. A SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS will be presented at a later date.

RESPONSES, BY NUMBERED PARAGRAPH

1. What may or may not have existed in March 2014 is not relevant to what did exist on June 28, 2014 and is thus not admissible. Defendants' Exhibit F demonstrates that there were no high grass or weeds as of June 13, 2014 at 1850 Greenwood. At no point between May and June 2014 did Hamilton Township find evidence for, or assert the presence of, rodent infestation. Furthermore, the paper copy of the alleged notice from the Mortons was produced after the close of discovery and should be excluded. Moreover, it is unauthenticated not conforming to Federal Rule of Evidence 911 and is an out of court statement (hearsay). That said, discussion with Vince Morton in 2014 established that the "rodent" was an opossum in the backyard that went between the properties of 1848 and 1850 Greenwood. Other than the possum, which left, there was no evidence of rodent activity in the house at 1850 Greenwood Avenue in March or in June 2014. As to the dogs, a Hamilton Animal Control officer inspected the dogs on June 28, 2014, and found no issues, which negates the hearsay comments. There was no evidence of overgrown brush or weed trees on June 28, 2014. Furthermore, there is no evidence that Hamilton Township knew of the Morton notice at any time on or prior to June 28, 2014, so that information, even if true, would not serve as a basis to justify their actions on June 28, 2014. Refer to DE11.

2. Hamilton Township has not produced an actual record of the "anonymous complaint." It is an unauthenticated out of court statement which Hamilton Township is trying to prove the truth of the matter (i.e., that there was "junk all over" the property). This is inadmissible hearsay with no evidence that it can be made admissible and thus should be excluded. Hamilton Township itself could have photographed this alleged situation, but they did not. Refer to DE12.

3. It is correct that Lawrence Ebert was the owner, as recorded. Refer to DE13.

4. A "Notice of Violation" was sent to Lawrence Ebert on May 28, 2014 by certified mail, and not by registered mail. Refer to DE14, DE19.

5. The Notice of Violation said the conditions were in violation of Hamilton Ordinances, Chapter 66, Section 71, paragraph C. The notice of violation made no mention of Hamilton ordinance section 110-32 or 33. Refer to DE15.

6. The Notice of Violation, received in Bridgewater Township on May 31, said correction had to be done by June 2, 2014. Refer tp DE16.

7. The Notice made reference to a violation of Hamilton ordinance Chapter 66, Section 71, paragraph C, not to a violation of of Hamilton ordinance section 110-32 or 33. Refer to DE17.

8. Plaintiff, in 2018, cannot confirm or deny what the Ordinances said in 2014. At no time on or before June 28, 2014 had Hamilton Township alleged violations of Ordinances 110-32 or 100-33. Refer to DE17-19..

9. There is a signed receipt for the certified mail. Refer to DE19.

10. Rebecca Vares-Ebert visited Hamilton Township in June 2014. Not all interactions between Vares-Ebert and Hamilton employees have been documented. Refer to DE20-DE23.

11. Rebecca Vares-Ebert spoke to an employee in June 2014. Refer to DE21.

12. There were several meetings with Hamilton employees Note that Exhibit B does not memorialize a meeting between Vares-Ebert and a Hamilton employee on the property, and is thus demonstrably incomplete. Refer to DE22-23.

13. This fact is established by a computerized record, which record has been shown to be incomplete and potentially inaccurate. Refer to DE23.

14. This fact is established by a computerized record, which record has been shown to be incomplete and potentially inaccurate. Refer to DE24.

15. The Health Mitigation Order of June 13 is further evidence that the violation asserted was that of Ordinance 66-71 (which does not contain the word health), rather than 110-32,-33. Refer to DE25.

16. This fact is established by a computerized record, which record has been shown to be incomplete and potentially inaccurate. Refer to DE26.

17. This fact is not supported by the cited document. Refer to DE27.

18. Hamilton employees left without finishing the job, so it is denied that the violation asserted by the notice was abated. Refer to DE28.

19. The only pictures taken by Hamilton Township were taken while Hamilton Township was in control of the property. Refer to DE29.

20. The assertion of the presence of odor is denied. Refer to DE30, DVE13.

21. The rotten hams were removed while Hamilton Township was in control of the property. Refer to DE31.

22. The hypodermic needle was removed while Hamilton Township was in control of the property. Refer to DE32.

23. Hamilton Township placed a lien on the property, which lien was contested by this court action. Hamilton Township then sold the lien to a third party, apparently not informing the third party of the court action. Refer to DE33.

24. Hamilton Township presented no FACT 24. Refer to DE34.

25. The accuracy and reliability of Defendants' Exhibit B is challenged. Refer to DE35.

26. Because Hamilton Township took the items in question, and removed them to the Hamilton Ecological Facility, an analysis is difficult. Refer to DE36. As to the fact that Hamilton Township removed non-nuisance items, see DVEp19-20.

27. No third party opinion of damages was possible because Hamilton Township took the items. Refer to DE36-37.

28. It is correct that Plaintiff does not have receipts for the items. Reasonable people do not keep receipts for items like wheelbarrows and plastic buckets. The absence of a receipt does not prove the absence of damage. Refer to DE38.

29. Plaintiff Ebert priced comparable items (e.g., wheelbarrows, buckets, siding) at stores, so the value is not arbitrary or estimated. Refer to DE39.

30. Mayor Yaede testified that she was unaware of the actions of June 28, 2014 until after they occurred, which is somewhat of a tautology. No one can be aware of something until after it has happened. More importantly, Mayor Yaede was aware of problems with the way Hamilton Township conducted remediations prior to June 28, 2014. Refer to DE40, DVE5-11.

31. It is correct that Plaintiffs did not discuss the notice of violation of May 28, 2014 prior to June 28, 2014 with Mayor Yaede. Mayor Yaede was already on notice of the problematic nature of Hamilton remediations. Refer to DE41, DVE5-11.

32. It is correct that the first meeting of Ebert and Yaede was at the deposition. This overlooks the fact that Mayor Yaede persistently refused to meet with Plaintiff Ebert. This behavior demonstrates "turning a blind eye." Refer to DE42.

33. Vares-Ebert had no contact with Yaede as to the events of June 28, 2014 because Mayor Yaede refused to meet with the Plaintiffs. Refer to DE43.

Lawrence B. Ebert, plaintiff pro se

June 21, 2018