NOT FOR PUBLICATION

RECEIVED
OCT 15 2018
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE B. EBERT and REBECCA A.
VARES-EBERT,

    Plaintiffs,

v.

TOWNSHIP OF HAMILTON, et al.,

    Defendants.

Civ. No. 15-7331

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion for Clarification brought by Plaintiffs Lawrence B. Ebert and Rebecca A. Vares-Ebert ("Plaintiffs"). (Pls.' Mot., ECF No. 89.) The Motion seeks clarification of the Court's Opinion filed on August 9, 2018 (ECF No. 86). Defendant Township of Hamilton ("Township Defendant") and Mayor Kelly A. Yaede ("Defendant Yaede") (collectively, "Defendants") oppose. (Defs.' Br., ECF No. 91.) The Court has decided the Motion after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' Motion for Clarification is denied.

## BACKGROUND

As in past opinions in this matter, the Court again recites only those facts relevant to this Opinion. On August 9, 2018, the Court issued an Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment. (ECF Nos. 86, 87.) The Court entered summary judgment in favor of Township Defendant on Plaintiffs' (1) substantive due

1

process deprivation of property claim (Count One), (2) § 1985 conspiracy claim (Count Four), (3) Eighth Amendment excessive fine claim (Count Five), and (4) Fourteenth Amendment procedural due process claim brought via the New Jersey Civils Rights Act (Count Six); but the Court denied Township Defendant's Motion for Summary Judgment in regard to all of Plaintiffs' claims brought pursuant to § 1983 premised on violations of the Fourth Amendment (Counts One and Three) and Fourteenth Amendment procedural due process (Counts One and Three). (*See* Order at 1–2.) The Court also entered summary judgment in favor of Defendant Yaede on all claims brought against her (Counts Two, Four, and Six). (*Id.*)

On August 24, 2018, Plaintiffs filed the instant Motion seeking, as Plaintiffs characterize, "clarification" of the August 9, 2018 Opinion and Order.[1] (Pls.' Mot. at 2.) Plaintiffs seek clarification regarding, what the Court interprets as, roughly six topics: (1) Plaintiffs' declaration filed on July 13, 2018 (*id.* at 2–6); (2) the Court's reliance on *Elsmere* (*id.* at 6–13); (3) the Court's analysis on *Camara* (*id.* at 14–16); (4) a contested fact contained within the background section of the Opinion (*id.* at 17–18); (5) substantive due process (*id.* at 18–19); and (6) Plaintiffs' renewed request for a Rule 30(b)(6) witness (*id.* at 19).

On September 14, 2018, Defendants filed an opposition brief, urging the Court to deny Plaintiffs' Motion and contending that "while Plaintiffs' Motion is titled 'Motion for Clarification,' it should be treated as a Motion for Reconsideration . . . [because] it disagrees with, and seeks reconsideration of, the contents of [the August 9, 2018 Opinion and Order]." (Defs.' Br. at 2.) Defendants further contend that "Plaintiffs are unable to prove any of the three grounds necessary to establish that reconsideration . . . is appropriate." (Defs.' Br. at 2–4.)

---

[1] Although Plaintiffs seek clarification of the "Memorandum Order filed August 9, 2018," the Court filed no memorandum order on August 9, 2018. The Court instead construes Plaintiffs' request for clarification to be in regard to the Court's Opinion and Order filed on August 9, 2018.

2

On September 21, 2018, Plaintiffs filed a reply brief, submitting an argument comprising a strict interpretation of motions for clarification offering that "[t]here is no legal authority cited that a request for clarification must enumerate the words 'vague' or 'ambiguous'" and "[t]here is no legal authority cited for the proposition that a motion that never mentions that words 'reconsider,' 'reconsideration,' 'revise,' 'alter,' or functional equivalents thereof can be treated as a motion for reconsideration." (Pls.' Reply at 3, ECF No. 93.)

## **LEGAL STANDARD**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prods., Inc.*, 2013 U.S. Dist. LEXIS 128410, at *1 (D.N.J. Sept. 9, 2013) (internal citations omitted); *see also, e.g.*, *Engers v. AT&T Corp.*, 2006 U.S. Dist. LEXIS 85117, at *16 (D.N.J. Nov. 15, 2006) (granting motion for clarification where "[t]he Court neglected to specify [in the order] that Count Six was dismissed with prejudice" but the text of the opinion stated "that such dismissal was with prejudice").

In comparison, motions for reconsideration are intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 7.1(i) of the Local Civil Rules, a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration, however, "is not warranted . . . where (1) the movant simply repeats the cases and arguments

3

previously analyzed by the court, or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *Hanover Architectural Serv., P.A. v. Christian Testimony-Morris, N.P.*, 2015 U.S. Dist. LEXIS 94916, at *3 (D.N.J. July 21, 2015) (internal citations omitted). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## DISCUSSION

Courts commonly construe motions for clarification as motions for reconsideration. *See, e.g., Mathis v. Christian Heating & Air Conditioning, Inc.*, 91 F. Supp. 3d 651, 655–56 (E.D. Pa. 2015) (concluding that "[a]lthough styled as a Motion for Clarification, plaintiff's Motion actually seeks reconsideration"). In fact, this is not the first time that Plaintiffs have filed a motion improperly requesting similar relief. On October 5, 2017, this Court determined that "Plaintiffs raise[d] nearly identical arguments in their motions for clarification and for reconsideration" and thus "[t]he bulk of these arguments [were] appropriately construed as requests for reconsideration, not clarification, since they predominantly relate[d] to alleged pitfalls in the Court's reasoning or conclusions, not ambiguity in the Court's opinion." (*See* Mem. Op. & Order at 4, ECF No. 61.)

Likewise, here, Plaintiffs again submit many arguments more appropriately construed as requests for reconsideration, rather than clarification. Plaintiffs use the guise of a motion for clarification to identify specific portions of and essentially disagree with the Court's Opinion and

4

Order. Nonetheless, the Court examines each of Plaintiffs' requests for either clarification or reconsideration.

## I.  Plaintiffs' Declaration Filed on July 13, 2018

On June 8, 2018, Defendants moved for summary judgment. (ECF No. 74.) On July 5, 2018, Plaintiffs "request[ed] permission to file a sur-reply brief," which the Court denied. (ECF No. 81.) Nonetheless, on July 13, 2018, after the parties had fully briefed the Motion for Summary Judgment, Plaintiffs filed a "Declaration in Opposition to Defendants' Motion for Summary Judgment" (the "Declaration"). (ECF No. 83.) On July 16, 2018, Defendants filed a letter contending that the Declaration was "an intentional disregard of [the Court's] order that no sur reply be permitted." (ECF No. 84.) The Court addressed the Declaration in its August 9, 2018 Opinion:

> Mr. Ebert filed another declaration on the same topic on July 13, 2018. (ECF No. 83.) Defense counsel asked the Court to strike this declaration and impose sanctions (ECF No. 84), as the Court had already denied Plaintiffs an opportunity to file a sur-reply (ECF No. 81). Mr. Ebert responded by letter, arguing that his most-recent declaration does not constitute a sur-reply. (ECF No. 85.) The Court has reviewed these materials and will take no further action with respect to them; Plaintiffs have not moved to amend their complaint to include new allegations about the events of 2018, and therefore the events described are beyond the Court's review on this Motion. However, sanctions are not warranted.

(Op. at 9 n.7.) Plaintiffs now seek clarification regarding the "status" of the Declaration; however, the Court finds that it adequately addressed the Declaration and thus clarification is not warranted.

Separately, Plaintiffs also "request[] clarification as to whether an amendment of the complaint would be entertained by the Court at this time." Because the "general purpose of a motion for clarification is to explain or clarify something ambiguous or vague," *Lynch*, 2013

5

U.S. Dist. LEXIS 128410, at *1, Plaintiffs elect the improper vehicle for their request. Plaintiffs' request for clarification in regard to the Declaration is therefore denied.

## II.     The Court's Reliance on *Elsmere*

Plaintiffs contend that the notice of violation received was "ultra vires" because "the notice of violation referenced only a violation of Hamilton Ordinance 66-71," which "conveys no emergency power on the health officer for summary abatement of such a violation." (Pls.' Mot. at 7.) Plaintiffs point out that the Opinion references a procedure outlined in Hamilton Ordinance 110-33 (Op. at 17–18), "which never occurred in the present case" (Pls.' Mot. at 8). Plaintiffs also disagree with the Court's citation to and reliance on *Elsmere Park Club, LP v. Town of Elsmere*, 542 F.3d 412 (3d Cir. 2008) for the propositions that "the dispute about which ordinance(s) governed is not dispositive" and that the "notice provided to Plaintiffs was not constitutionally deficient." (Op. at 19; *see also* Pls.' Mot. at 6–13.)

The Court construes this request as seeking reconsideration, rather than clarification. Plaintiffs complain that "[t]he Order apparently gave no weight to the facts supplied by Plaintiffs" (Pls.' Mot. at 8–10) and that "Plaintiff[s] do[] not believe that *Elsmere* is on point" (*id.* at 10–13). Although Plaintiffs request "clarification," Plaintiffs essentially "filed the motion merely to disagree with or relitigate the [C]ourt's initial decision." *Hanover Architectural*, 2015 U.S. Dist. LEXIS 94916, at *3; *see also In re Telfair*, 745 F. Supp. 2d 536, 561 (D.N.J. 2010) ("[M]ere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process."). Oddly enough, however, these procedural due process claims *survived* Defendants' Motion for Summary Judgment. (Op. at 19.) But because Plaintiffs do not offer any change in law, submit any new evidence not previously available, or correct a clear error of law, *see North River*

6

*Insurance Co.*, 52 F.3d at 1218; L. Civ. R. 7.1(i), cmt. 6(d), the Court denies Plaintiffs' Motion in regard to the Court's reliance on *Elsmere*, 542 F.3d at 228.

## III. The Court's Analysis of *Camara*

Plaintiffs request clarification regarding the Court's analysis of *Camara v. Municipal Court*, 387 U.S. 523 (1967), and the relevant limitations of the Fourth Amendment principles set forth in that case. (Pls.' Mot. at 14–16.) In Plaintiffs' brief opposing Defendants' Motion for Summary Judgment, Plaintiffs relied on *Camara* for the proposition that a warrant is required for administrative searches of homes, absent certain exceptions. (Pls.' Summ. J. Opp'n at 10, 16–18, ECF No. 79.) Defendants attempted to differentiate *Camara* in their reply brief (Defs.' Summ. J. Reply at 2–3, ECF No. 82), but the Court distinguished *Camara* in a different way, holding that "Plaintiffs' reliance on *Camara* [was] misplaced, as *Camara* dealt with a wrongful warrantless initial inspection" but "Plaintiffs allege that Defendants violated their Fourth Amendment rights *after* Defendants had already determined [through an initial inspection] the presence of nuisance conditions on Plaintiffs' property" (Op. at 15).

Plaintiffs identify that the Opinion "relies on an argument not presented by Defendants." (Pls.' Mot. at 14.) But the parties both had an opportunity to brief—and in fact, did brief—the import of *Camara*. Though Plaintiffs disagree with the Court's analysis of *Camara*, the Court will not "rethink what it had already thought through—rightly or wrongly." *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 415 (D.N.J. 2005). Separately, Plaintiffs also request an opportunity to re-brief this issue, but Plaintiffs have failed to meet the high burden of demonstrating that reconsideration is warranted. Accordingly, Plaintiffs' Motion is denied in regard to the Court's analysis of *Camara*.

7

## IV. A Fact Contained within the Opinion's Background Section

Plaintiffs next argue that although the Opinion states that Mr. Ebert "obstructed the front-end-loader from operating" while Defendants were removing debris from Plaintiffs' property (Op. at 6), Plaintiffs contest this fact. (Pls.' Mot. at 17–18.) Plaintiffs request "a clarification of 'why' this unsubstantiated statement was included in the [Opinion]" and a "modification of the [Opinion] to reflect, at a minimum, that the truth of this statement is challenged."

First, the Court indeed recognized in its Opinion that "[t]he parties largely dispute the sequence of events on June 28, 2014," the day Defendants removed the debris. (Op. at 5.) Moreover, Plaintiffs do not seek clarification regarding "something ambiguous or vague." *Lynch*, 2013 U.S. Dist. LEXIS 128410, at *1 (outlining the general purpose of a motion for clarification). Rather, Plaintiffs seek "modification" (Pls.' Mot. at 18), akin to alteration or amendment which contravenes the purpose of a motion for clarification. *See Lynch*, 2013 U.S. Dist. LEXIS 128410, at *1. Construing Plaintiffs' request as seeking reconsideration is equally unhelpful to Plaintiffs: Plaintiffs have not identified any change in law, new evidence not previously available, or clear error of law. *See N. River Ins. Co.*, 52 F.3d at 1218. Plaintiffs merely disagree with a contested fact that the Court included in its Opinion. *In re Telfair*, 745 F. Supp. 2d at 561 (explaining that "mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration"). Accordingly, Plaintiffs' Motion in regard to the background section of the Opinion and the facts contained therein is denied.

## V. Substantive Due Process

Plaintiffs also point out that the Court denied Plaintiffs' substantive due process claims, yet "[the Complaint] does not reveal that Plaintiffs asserted or argued 'substantive due process.'" (Pls.' Mot. at 18.) In the Opinion, the Court explained that claims pursuant to § 1983 "are

8

distinct, as § 1983 itself creates no substantive rights." (Op. at 10 (citing *Ferreira v. Town of E. Hampton*, 56 F. Supp. 3d 211, 222 (E.D.N.Y. 2014)).) Because Plaintiffs generically pleaded that Defendants violated the Fourteenth Amendment when Defendants allegedly deprived Plaintiffs of "life, liberty, or property, without due process of law" (Compl. ¶ 83, ECF No. 1), the Court acknowledged that it—while "bearing in mind the need to liberally construe [the] pleadings prepared by *pro se* [Plaintiffs]"—"read[] the first cause of action to extend to additional alleged underlying constitutional violations, including Fourteenth Amendment procedural and substantive due process claims premised on derivations of liberty and property" (Op. at 10). Although the Court entered summary judgment in favor of Defendants in regard to Plaintiffs' substantive due process claim regarding deprivation of property (*id.* at 11), Plaintiffs' substantive due process claim regarding deprivation of liberty survived (*id.* at 12). In any event, Plaintiffs neither pose a question to the Court nor make an actual request for clarification regarding substantive due process. (*See* Pls.' Mot. at 18–19 (noting only that "[i]f there were any references to substantive due process [in the Complaint], such issues have not been addressed in the briefing").) Accordingly, Plaintiffs' Motion in regard to their substantive due process claim is denied.

## VI. Renewed Request for a Rule 30(b)(6) Witness

Finally, Plaintiffs attempt to revive stale arguments the Court previously rejected. Plaintiffs contend that the Court's Order from August 9, 2017—exactly one year before the Court's Order at issue here, which was filed on August 9, 2018—improperly "denied access to a [Rule] 30(b)(6) witness, in effect denying access to the facts necessary to establish custom and practice in a 1983 or 1985 action." (Pls.' Mot. at 19.) The Court is unable to interpret any specific request for clarification; rather, the Court construes Plaintiffs' contention as a request for

reconsideration. But Plaintiffs assert no viable reason as to why the Court should contemplate reconsideration. Moreover, Plaintiffs already moved this Court for reconsideration as to a Rule 30(b)(6) witness about a year ago (ECF Nos. 47-1, 49-1), and the Court properly denied Plaintiffs' request then as well (Mem. Op. & Order at 5–6 (denying Plaintiffs' motion for clarification and motion for reconsideration)). Plaintiffs, here, simply attempt to rehash old arguments that this Court already considered and rejected. Accordingly, the Court denies Plaintiffs' renewed request for a Rule 30(b)(6) witness.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Clarification is denied. An appropriate order will follow.

Date: 10/12/18

ANNE E. THOMPSON, U.S.D.J.