NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAWRENCE B. EBERT and REBECCA A. VARES-EBERT, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF HAMILTON et al., <br><br> Defendants. | Civ. No. 15-7331 <br><br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion for Clarification brought by Plaintiffs

Lawrence B. Ebert and Rebecca A. Vares-Ebert (collectively, "Plaintiffs"). (ECF No. 120.) The

Motion seeks clarification with regards to the notice of the Status Conference held on September

26, 2019 and the decisions made by the Court during and after that Status Conference. Defendant

Township of Hamilton ("Defendant") opposes. (ECF No. 123.) The Court has decided the

Motion after considering the parties' written submissions without oral argument pursuant to

Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' Motion for Clarification is

denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and only recites facts

relevant to this Opinion. On July 12, 2019, both parties filed their respective motions *in limine*

with this Court. (ECF Nos. 106, 109.) Both parties filed timely opposition briefs. (ECF Nos. 111,

112.) On September 12, 2019 the in-person Status Conference set for September 20, 2019 was

rescheduled for September 26, 2019 after a request from Defendant's attorney. (ECF No. 117.)

The Court mailed notice of this change of date to Plaintiffs' home address. The Status

Conference was held on September 26, 2019 with both parties in attendance. At the Status

Conference, the Court denied two of Plaintiffs' motions *in limine* and reserved ruling on the

remainder of the motions. The Court issued these rulings in its Order dated October 3, 2019

("October 3rd Order"). (ECF No. 122.) The Court later granted in part and denied in part

Defendant's motion *in limine* on October 15, 2019 ("October 15th Order"). (ECF No. 125.)

On September 27, 2019, Plaintiffs filed the present Motion Requesting Clarification of

Comments/Decisions Made in the Status Conference of September 26, 2019 ("Motion for

Clarification"). (ECF No. 120.) Plaintiffs first claim that they did not receive proper notice of the

Status Conference and request "clarification as to the obligation of non-ECF users to monitor the

docket." (Mot. at 2–5, ECF No. 120.) Plaintiffs also seek clarification as to whether the cases

cited in Plaintiffs' opposition to Defendant's motion *in limine*, (ECF No. 111,) were considered

by the Court. (Mot. at 5–6.) The remainder of the Motion largely restates Plaintiffs' arguments

contained in their opposition to Defendant's motion *in limine*. (*Id*. at 6–11.) Defendant filed an

Opposition to the Motion for Clarification on October 8, 2019, arguing that the Court should

treat Plaintiffs' Motion as a request for reconsideration, and that Plaintiffs have failed to meet the

stringent requirements for reconsideration. (ECF No. 124.) Plaintiffs filed a Reply on October

15, 2019. (ECF No. 126.) Plaintiffs' Motion for Clarification is now before the Court.

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something

ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prods., Inc.*, 2013 WL 4804528,

at \*1 (D.N.J. Sept. 9, 2013) (internal citations omitted); *see also, e.g.*, *Engers v. AT&T Corp.*,

2006 WL 3359722, at *5 (D.N.J. Nov. 20, 2006) (granting motion for clarification where "[t]he Court neglected to specify [in its order] that Count Six was dismissed with prejudice," but the text of the Court's opinion stated "that such dismissal was with prejudice").

In comparison, motions for reconsideration are intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 7.1(i) of the Local Civil Rules, a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) the need to correct clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citations omitted). A motion for reconsideration, however, "is not warranted . . . where (1) the movant simply repeats the cases and arguments previously analyzed by the court, or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *Hanover Architectural Serv., P.A. v. Christian Testimony-Morris, N.P.*, 2015 WL4461327, at *3 (D.N.J. July 21, 2015) (internal citations omitted). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012).

## **DISCUSSION**

There are two discernable requests for clarification within Plaintiffs' Motion: (1) clarification "as to the obligation of non-ECF users to monitor the docket," (Mot. at 3,) and (2)

clarification "as to whether the cases cited in [Plaintiffs' opposition to Defendant's motion *in limine*] have been considered." (*Id*. at 6). Defendant argues that these requests for clarification are better characterized as motions for reconsideration. (Opp'n at 2–3, ECF No. 123.) Although Plaintiffs contest this characterization, their Reply seems to concede that they are seeking a modification of the Court's rulings. (Reply at 8–10, ECF No. 126 (noting that "a trial court is free to reconsider and reverse its decision for any reason it deems sufficient").) The Court will therefore analyze Plaintiffs' Motion as both a request for clarification and a request for modification.

## I.     Requests for Clarification

Plaintiffs first seek clarification as to the responsibility of non-ECF users to monitor the docket. (Mot. at 3.) Considering Plaintiffs have successfully been receiving notices from the Court regarding activity on the docket via mail for the past four years, this request for clarification seems disingenuous, and instead seems to be a means for seeking reconsideration. The Court does not find any ambiguity in Plaintiffs' responsibilities for monitoring the docket but will still restate them here: notice to non-ECF users is sent via mail to the party's last known address. *See* Fed. R. Civ. Pro. 5(b)(2)(C), 77(d). The Court has sent these notices to Plaintiffs at 390 Garretson Road, Bridgewater, NJ 08807 throughout this case.

Plaintiffs next seek clarification as to whether the Court considered the cases cited in Plaintiffs' opposition brief in ruling on Defendant's motion *in limine* regarding valuation of damages. (Mot. at 5–6.) Since the Court did not rule on Defendant's motion *in limine* until October 15, 2019, Plaintiffs' Motion for Clarification filed on September 27, 2019 was premature. Regardless, as the Court stated in its October 15th Order, this Court "considered the papers submitted in support of and in opposition to" the Motion. (ECF No. 125.)

For these reasons, Plaintiffs' Motion for Clarification is denied.

## II.     Requests for Reconsideration

Defendant contends that Plaintiffs' Motion for Clarification is actually a disguised

motion for reconsideration, since the relief sought is not for a clarification of ambiguity, but

rather a modification of this Court's October 3rd Order and October 15th Order. (*See* Opp'n at

2–3.) Although Plaintiffs object to this, they then supply the Court with arguments in favor of

modification of prior court orders. (*See* Reply at 7–10.) To the extent that Plaintiffs' Motion can

be considered a request for reconsideration of those Orders, any request for reconsideration was

premature when filed. Under the Local Rules, a motion for reconsideration must "be served and

filed within 14 days *after* the entry of the order or judgment on the original motion." L. Civ. R.

7.1(i) (emphasis added). Plaintiffs filed the Motion at hand on September 27, 2019, several days

before the Court entered its October 3rd Order and weeks before the Court entered its October

15th Order.[1]

Even if the Motion was timely, Plaintiffs fail to meet the stringent requirements for

granting reconsideration. Plaintiff's first request for clarification regarding notice of the Status

Conference appears to seek reconsideration of the Court's denial of two of Plaintiffs' motions *in*

*limine*. (*See* Reply at 7–10.) However, Plaintiffs have made no showing that, had they received

proper notice, the outcome at the Status Conference would have been different. Plaintiffs had

already submitted their arguments for the motions *in limine* in their brief, (ECF No. 109,) and

have failed to show any "clear error of law" in the Court's decision, *see River Ins. Co.*, 52 F.3d at

---

[1] The "'entered-on-docket' date[ ] is the legally operative date from which a party must take some action from the entry of an order." *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 (S.D. Fla. 1989); *See also U.S. v. Schiavo*, 504 F.2d 1, 8 n. 17 (3d Cir. 1974) ("a judgment, to be effective, must both be on a separate document . . . and be docketed as provided in [Fed. R. Civ. P.] 79(a)."). The October 3rd Order was entered on the docket on October 4, 2019. The October 15th Order was entered on the docket on October 15, 2019.

1218, or any dispositive factual or legal matter that was presented but not considered, *see City of Trenton*, 848 F. Supp. 2d at 500.

Second, Plaintiffs' request for clarification as to whether the Court considered the case law cited in their opposition brief to Defendant's motion *in limine* appears to be a request for reconsideration of the October 15th Order. (Mot. at 5–10; Reply at 3–5 (citing case law Plaintiffs believe the Court overlooked.) As stated above, this request is premature. Furthermore, Plaintiffs' Motion merely repeats cases and arguments previously analyzed by the Court and fails to provide new evidence or demonstrate clear error of law. (*See* Mot. at 5–11 (reiterating case law from ECF No. 111); Reply at 3–5 (same).) For these reasons, any reconsideration that Plaintiffs might have sought would be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion for Clarification is denied. An appropriate Order will follow.

Date:  <u>November 5, 2019</u>                          */s/ Anne E. Thompson*
                                                 ANNE E. THOMPSON, U.S.D.J.