NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE B. EBERT and REBECCA A. VARES-EBERT,

        Plaintiffs,

  v.

TOWNSHIP OF HAMILTON *et al.*,

        Defendants.

Civ. No. 15-7331

**OPINION**

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court on a Motion for Leave to File an Interlocutory Appeal and Leave to File an Amended Complaint by Plaintiffs Lawrence Ebert and Rebecca Vares-Ebert (collectively, "Plaintiffs"). (ECF No. 134.)[1] Defendant Township of Hamilton ("Defendant") opposes. (ECF No. 135.) The Court has decided the Motion after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' Motion is denied.

## **BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case and only recites facts relevant to this Opinion. Discovery closed in May 2018, and the Court ruled on Defendant's Motion for Summary Judgment on August 9, 2018. (ECF No. 87). On July 12, 2019, Defendant filed a Motion *in Limine* seeking to exclude any evidence or testimony relating to the value of Plaintiffs' lost property. (ECF No. 106.) Plaintiffs had sought to introduce replacement costs of

---

[1] Although Plaintiffs filed this as a Letter Request, the Court will construe it as a Motion.

1

the alleged lost items based in part on retail prices that Plaintiff Lawrence Ebert believes he saw at either Home Depot or Lowes.[2] (Pl.'s Dep. 99:23–100:1, Ex. 3, ECF No. 106-1.) In his deposition, Plaintiff Lawrence Ebert asserted that he could independently establish the retail prices he sought to introduce (*id.* at 100:7–12; 106:1–6) but failed to do so.[3] Plaintiffs opposed. (ECF No. 111.) On September 26, 2019, the Court held a conference on the Motion *in Limine*, and on October 15, 2019, the Court granted in part and denied in part, ordering that "Plaintiffs may testify as to the purchase price of their possessions but may not use current retail prices as evidence" ("October 15 Order"). (ECF No. 125.) Defendant then requested leave to file a motion to dismiss, arguing that Plaintiffs could not prove damages without the retail prices. (ECF No. 127.) The Court denied this request (ECF No. 129) and scheduled trial for January 28, 2020.

On November 6, 2019 Plaintiff Lawrence Ebert filed a Declaration alleging that Defendant had sent him notice of an outstanding amount owed to Defendant, which Plaintiff Lawrence Ebert described as an act of "harassment and/or intimidation." (ECF No. 132). Plaintiff Lawrence Ebert also filed a Declaration on November 18, 2019, asking to reschedule the trial date and stating that he had filed a motion on October 18, 2019.[4] (ECF No. 133.) However, the Court did not receive any motion on or around October 18, 2019. The Court rescheduled trial for March 31, 2020.

---

[2] Plaintiff Lawrence Ebert could not recall in which store he saw the retail prices. (Pl.'s Dep. 99:23–100:1; 105:22–25.) Plaintiff says he took photographs of the retail prices but no longer has the photographs or any written documentation of these prices. (*Id.* at 100:2–12; 106:1–6.)
[3] Additionally, Plaintiff Lawrence Ebert concedes that he did not know the make, model, or materials of many of the lost items, did not know how long ago they were purchased, and had kept several of the items uncovered in their backyard for years. (*Id.* at 99:2–22; 103:2–5; 104:18–105:21; 106:18–108:5.)
[4] Plaintiffs seemingly intended to file a motion for clarification on the October 15 Order. (*See* Mot. at 2.)

On December 6, 2019, Plaintiffs filed the present Motion for Leave to File an Interlocutory Appeal and Leave to File an Amended Complaint. (ECF No. 124.) The Motion seeks interlocutory appeal of the Court's October 15 Order. (Mot. at 1–2, ECF No. 124.) The Motion also seeks the Court's leave to file an amended complaint to include events from 2018 and 2019, which appear to relate to the contents of the November 6, 2019 Declaration. (*Id.* at 2.)[5] Defendant opposed (ECF No. 135), and Plaintiffs filed a Reply (ECF No. 136). Plaintiffs' Motion is now before the Court.

## LEGAL STANDARD

**I.      Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), interlocutory review is only appropriate if (1) the appeal involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" about that question of law; and (3) where immediate appeal may materially advance the ultimate termination of the litigation. *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003). To succeed, the petitioner bears the burden of demonstrating all three criteria. *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556 (D.N.J. 2003). Even where all three § 1292(b) requirements are met, the decision to grant certification remains wholly within the district court's discretion. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). Certification for interlocutory review should be used sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotations omitted).

---

[5] Plaintiffs did not attach a copy of the proposed amended pleading, as required pursuant to Local Civil Rule 15.1(a).

## II. Leave to Supplement or Amend

A party may amend its pleading with the opposing party's written consent or the Court's leave, and the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court may exercise its discretion to deny leave to amend a complaint, but it must provide a reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiffs seek to amend their complaint to include events from 2018 and 2019, which occurred after they filed the initial Complaint. Therefore, the Court will construe the motion to amend as a motion to supplement the pleadings pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. "The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." *Vernon v. Custer*, 2014 WL 1491211, at *2 (M.D. Pa. Apr. 15, 2014) (quoting *Micron Tech. v. Rambus, Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006)). Similar to an amended pleading, the decision whether to permit a supplemental pleading is within the Court's discretion. *Id.* (citing *Owens-Ill., Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188–89 (3d Cir. 1979)).

## DISCUSSION

## I. Interlocutory Appeal

### A. *Controlling Question of Law*

"[A] controlling question of law must encompass 'at the very least every order which, if erroneous, would be reversible error on final appeal' or something 'serious to the conduct of the

litigation either practically or legally.'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 2017 WL 89556, at *2 (D.N.J. Jan. 9, 2017) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). Questions involving "a district court's application of facts of the case to established legal standards are not controlling questions of law" for the purposes of § 1292(b). *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (citing *Morgan v. Ford Motor Co.*, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)). Section 1292(b) "was not intended to put legal questions before the court of appeals 'in which the exercise of the district court's discretion [was] necessarily intertwined with its understanding of the facts of the case . . . .'" *Morgan*, 2007 WL 269806, at *2 (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1002 (D.N.J. 1996)).

The Court's October 15 Order involves an application of legal principles to the facts of the case at hand. The Court considered whether, in this case, Plaintiffs had demonstrated a sufficient basis for their proposed testimony regarding the retail prices of the lost property. Based on the exhibits attached to Defendant's Motion *in Limine* (Exs. 1–3, ECF No. 106-1), the Court ordered that Plaintiffs could not present the proposed retail prices as evidence at trial. This ruling was "necessarily intertwined" with the Court's understanding of the facts of the case, and thus did not involve a controlling question of law.

B. *Substantial Ground for Difference of Opinion*

A difference of opinion "must arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt. v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (emphasis added); *see also Steel Partners II, L.P. v. Aronson*, 2006 WL 3782656, at *4 (D.N.J. Dec. 22, 2006) (explaining that this factor is also met when there is "conflicting precedent" as to the

correct legal standard). Simply disagreeing with the ruling does not satisfy this standard. *Kapossy*, 942 F. Supp. at 1001.

Plaintiffs point to several cases from other state courts or district courts outside of the Third Circuit to demonstrate the existence of conflicting precedent. (Pl.'s Reply at 2–4, ECF No. 136.) Those cases are not binding on this Court. Additionally, the rulings in those cases are not clearly in conflict with the October 15 Order. The cases cited by Plaintiffs merely show that, in some circumstances, courts have allowed parties to introduce evidence of replacement costs for calculating damages.[6] As stated above, the October 15 Order did not state a categorical rule prohibiting the use of replacement costs for calculating damages. Instead, it prohibited the use of the retail prices provided by Plaintiffs based on the facts of this case. Since "there is no substantial difference of opinion regarding the Court's analysis of the facts and application of the law to those facts," *Acosta v. Pace Local I-300 Health Fund*, 2007 WL 1074093, at *2 (D.N.J. Apr. 9, 2007), Plaintiffs have not demonstrated a substantial ground for difference of opinion.

C. *Materially Advance the Termination of the Litigation*

An interlocutory appeal materially advances litigation if it eliminates (1) the need for trial, (2) complex issues so as to simplify the trial, or (3) issues to make discovery easier and less costly. *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 601, 635 (D.N.J. 2014) (citations omitted). A critical factor is "whether the interlocutory appeal will cause excessive delay." *In re Barsan Contractors*, 2010 WL 3907116, at *4 (D.N.J. Sept. 30, 2010).

---

[6] The circumstances of the cases to which Plaintiffs cite are readily distinguishable. *See, e.g.*, *Dandrea v. Bd. of Cty. Comm'rs*, 356 P.2d 893, 895 (Colo. 1960) (involving replacement costs for damages to real property, calculated and presented by an expert witness); *Matthews v. Allstate Ins. Co.*, 731 F. Supp. 2d 552, 558 (E.D. La. 2010) (applying Louisiana state law, which generally considers replacement costs); *Gulf States Utils. Co. v. Low*, 79 W.3d 561, 566 (Tex. 2002) (noting that, "[i]n some situations, replacement value does not properly measure damages because it may represent an economic gain to the plaintiff").

Plaintiffs have not presented any arguments as to how interlocutory appeal would materially advance the termination of the litigation. A decision on the admissibility of testimony regarding damages at trial would not eliminate the need for trial or eliminate any complex issues, and discovery in this case is long over. Furthermore, interlocutory appeal at this stage—on the eve of trial—is heavily disfavored. *See, e.g.*, *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 212 (D.N.J. 1996), *aff'd* 141 F.3d 1154 (3d Cir. 1998) ("Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial.").

Plaintiffs have failed to satisfy any of the three requirements for interlocutory appeal. For this reason, Plaintiffs' Motion for Leave to File an Interlocutory Appeal is denied.

**II.     Leave to Supplement**

Plaintiffs seek leave to supplement their Complaint in order to include allegations from 2018 and 2019 regarding two "remediations" of their property at 1850 Greenwood Avenue, in which "there was no notice given, no health issues involved, and the specific timing is indicative of retaliatory behavior." (Mot. at 1–2.) Plaintiffs argue that an amendment would conserve judicial resources and "crystallize issues." (*Id.* at 2.) However, Plaintiffs fail to elaborate on these events and explain how they are tied to this case. More importantly, this request would cause undue delay. As Defendant asserts, Plaintiffs have "waited until the eleventh hour to seek leave, despite having knowledge of at least one of the alleged events since 2018." (Opp'n at 7, ECF No. 135.) As noted above, discovery deadlines have long passed, the Court has ruled on dispositive motions, and the case is scheduled for trial on March 31, 2020. To allow Plaintiffs to supplement their pleadings with new allegations would require additional discovery and dispositive motions, leading to further delays. For these reasons, Plaintiffs' Motion to Supplement is denied.

## **CONCLUSION**

For the foregoing reasons, the Motion for Leave to File an Interlocutory Appeal and Leave to File an Amended Complaint (ECF No. 134) is denied. An appropriate Order will follow.

Date: February 27, 2020				*/s/ Anne E. Thompson*
						ANNE E. THOMPSON, U.S.D.J.